UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN LOUIS BARRETO-BAERGA,

    Plaintiff,

v.                             CASE NO.:  6:25-cv-00098-PGB-LHP

OSCEOLA COUNTY, FLORIDA;
MARCOS LOPEZ; DAVID CRAWFORD;
CHRISTOPHER KOFFINAS; JOSEPH
DEJESUS; ARTURO DOMINGUEZ;
and BENJAMIN MACLEAN,

    Defendants.
_____/

**<u>DEFENDANT MARCOS LOPEZ'S MOTION TO DISMISS COMPLAINT</u>**

    Defendant Marcos Lopez in his individual capacity and his official capacity as Sheriff of Osceola County, Florida, by and through undersigned counsel, and pursuant to the provisions of Federal Rule of Civil Procedure 12(b)(6), hereby moves the Court for an Order dismissing Plaintiff's Complaint, and states:

## I. INTRODUCTION

1. Plaintiff has sued Marco Lopez, the Sheriff of Osceola County, Florida in both his individual capacity and in his official capacity as Sheriff of Osceola County, Florida. [Doc. 1, ¶ 8].[1]

2. The Complaint asserts two counts against Sheriff Lopez in his individual capacity:

- **Count VIII** – Supervisory liability pursuant to 42 U.S.C. § 1983
- **Count IX** – Negligence under Florida law

The Complaint fails to allege facts plausibly demonstrating a section 1983 supervisory liability claim. As to the state law claim, the Complaint fails to allege mandatory presuit notice pursuant to Fla. Stat. § 786.28; fails to allege a claim for negligence under Florida law against Sheriff Lopez personally and to the extent the negligence claim is asserted against Sheriff Lopez in his official capacity, he is sovereignly immune from liability for his discretionary decisions regarding the Osceola County Sheriff's Office use of force policy.

## II. ALLEGATIONS

### A. The Incident

3. On February 27, 2022, at approximately 5:33 p.m., Plaintiff was riding his dirt-bike among a group near the La Terraza Sports Bar on Donegan Road in

---

[1] This Defendant will be referred to as "Sheriff Lopez" or "Sheriff."

Kissimmee doing a wheelie passed Deputy Koffinas who was traveling in the opposite direction. [Doc. 1, ¶¶ 38, 43].

4.  Minutes earlier, there was a report of an aggravated assault by another motorcyclist approximately a mile from La Terraza Sports Bar. [Doc. 1, ¶ 38].

5.  Deputy Koffinas attempted to stop Plaintiff, but Plaintiff drove off. [Doc. 1, ¶ 44].

6.  Several deputies, including Deputy Koffinas, Deputy Crawford, Deputy DeJesus, Deputy Dominguez, and Deputy Maclean, pursued Plaintiff, even after they learned that Plaintiff was not a suspect in the aggravated assault. [Doc. 1, ¶¶ 45-52].

7.  These deputies continued to pursue Plaintiff in to neighboring Orange County, and when Plaintiff stopped and was pumping gas, Deputy Crawford surreptitiously approached on foot and forcefully tackled Plaintiff to the ground. [Doc. 1, ¶¶ 60-67].

8.  Gasoline poured onto the ground from Plaintiff's motorcycle. [Doc. 1, ¶ 70].

9.  Once Deputy Crawford had Plaintiff pinned face down on the ground, Deputy Koffinas approached and tased Plaintiff twice. [Doc. 1, ¶ 71].

10. Deputy Koffinas also pulled Plaintiff's left arm and twisted it behind his back. [Doc. 1, ¶ 81].

11. While Plaintiff remained pinned on the ground, Deputy De Jesus arrived on scene, smelled gasoline, and at the urging of Deputy Crawford, returned the gas pump nozzle to its dispenser. [Doc. 1, ¶¶ 74-76].

12. While Deputy Koffinas was pinning Plaintiff face down, he dropped his taser near a puddle of gasoline. [Doc. 1, ¶¶ 77-78].

13. In addition to Deputy Crawford and Deputy Koffinas, a third deputy (either Dominguez, DeJesus, or Maclean) arrived and grabbed Plaintiff's right hand. [Doc. 1, ¶ 82].

14. Deputy Crawford then ostensibly picked up Deputy Koffinas's taser, yelled multiple commands for Plaintiff to surrender, and warned Plaintiff that he would be tased. [Doc. 1, ¶ 85].

15. Before Plaintiff could comply, Deputy Crawford depressed the taser trigger and the resulting electrical charge caused the spilled gasoline to ignite and engulf Plaintiff in flames. [Doc. 1, ¶¶ 89-91].

16. None of the deputies on scene, despite the obvious presence of gasoline in the immediate vicinity of Plaintiff, attempted to stop Deputy Crawford from using a taser. [Doc. 1, ¶¶ 75-77, 83, 87-88].

17. A deputy found a fire extinguisher and put out the fire that had consumed Plaintiff's body. [Doc. 1, ¶ 93].

18. Plaintiff was severely burned and received extensive medical care as a result of his injuries. [Doc. 1, ¶¶ 100-107].

19. Deputy Crawford was charged with a crime for causing the fire with the taser. None of the other Defendant deputies were disciplined or reprimanded, and Sheriff Lopez blamed Plaintiff for the force used by OCSO deputies. [Doc. 1, ¶¶ 108-111].

### B. Policies of Osceola County and the Osceola County Sheriff's Office

1. Osceola County maintained, as one of its divisions, the Osceola County Sheriff's Office. [Doc. 1, ¶ 7].

2. Sheriff Lopez is Osceola County's final policymaker regarding the OCSO's policing policies and practices. [Doc. 1, ¶ 10]

3. Sheriff Lopez is the OCSO's final policy maker, and his actions and inactions are those of Osceola County. [Doc. 1, ¶ 115].

4. The OCSO has a widespread and settled custom of encouraging and authorizing deputies to commit Fourth Amendment excessive force violations in an effort to crack down on motorcycle and dirt bike riders in Osceola County who committed minor traffic violations. [Doc. 1, ¶¶ 113, 118-19].

5. After Plaintiff's incident, no changes were made to Sheriff Lopez's policy of encouraging and authorizing Fourth Amendment excessive force violations. [Doc. 1, ¶¶ 126-28].

### III. LEGAL STANDARD FOR MOTION TO DISMISS

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). To "state a claim to relief that is plausible on its face[,]" a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (first quoting *Twombly*, 550 U.S. at 570).

"The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.*

## IV. COUNT VIII FAILS TO STATE A SECTION 1983 CLAIM AGAINST SHERIFF LOPEZ IN HIS INDIVIDUAL CAPACITY

"Supervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates." *Ingram v. Kubik*, 30 F.4th 1241, 1254 (11th Cir. 2022) (citing *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Plaintiffs must instead allege that the supervisor, through his own actions, violated the Constitution. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Because Plaintiff does not allege that Sheriff Lopez was present or involved in encounter, he is liable under section 1983 only if "there is a causal connection between his actions ... and the alleged constitutional deprivation." *Id.*

"Causation may be established and supervisory liability imposed where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." *Id.* (quotations and citations omitted). "[T]o prove that a policy … caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." *Id.*

In this case, Plaintiff seeks to hold Sheriff Lopez personally liable for appearing ostensibly in his capacity as Sheriff of Osceola County, Florida and making social media appearances and other public statements concerning his intent to use agency resources to enforce the law.  Specifically, uniformed patrol, aviation, and k-9 law enforcement resources to apprehend criminals who menacingly ride motorcycles not permitted for on street use who "flee" from police to avoid prosecution.  [Doc. 1, ¶

7

¶ 24 - 30]. The Complaint does not allege that these public statements advocated for the use of constitutionally excessive force upon constituents in Osceola County. The implausibility of such an allegation becomes manifest in context that every public employee within the state takes an oath affirming that they will "support the Constitution of the United States and of the State of Florida" in the performance of their public duties. Fla. Stat. § 876.05. Public statements of intent to aggressively enforce the law against a targeted category of criminal offenders are insufficient to plausibly demonstrate that Sheriff Lopez deliberately pursued a policy of deliberate indifference to a constitutional protected right.

Moreover, allegations within the Complaint fail to plausibly demonstrate personal liability of Sheriff Lopez for pursuing a policy as evidenced by multiple incidents, or multiple reports of prior misconduct on behalf of a particular Deputy Sheriff. The Complaint alleges three prior incidents—one in March 2018, one in April 2019, and one in March 2021. [Doc. 1, ¶ 113(a)-(c)]. The Complaint also alleges that Sheriff Lopez was sworn in to office in January 2021. [Doc. 1, ¶ 114]. However, the Complaint fails to explain how Sheriff Lopez was *personally* involved and *personally* controlling the conduct of the deputies involved in these three alleged incidents, such that its plausible Sheriff Lopez's role in these incidents could have been a causal factor in the alleged misconduct committed by the deputies *before he was Sheriff*.

Additionally, regarding the April 2022 incident, the Complaint describes a "violent arrest" "including unnecessary lifting of a civilian by the arms after he was handcuffed."  [Doc. 1, ¶ 113(a)-(c)]. An arrest is not unconstitutional merely because it is "violent," and while a particular use of force may, in retrospect, seem unnecessary, it is not unconstitutional by virtue thereof. The Complaint does not allege that there was an effort cover up this incident or a failure to administratively investigate it. There is no allegation that there was a prosecutorial determination of excessive force. Nor is there an allegation of judicial determination in a civil lawsuit that a constitutional violation occurred. Remarkably, Plaintiff alleges that Sheriff Lopez conceded the error that Deputy Crawford made when he fired the taser in the presence of gasoline, [Doc. 1, ¶ 111]. This allegation effectively discredits Plaintiff's claim that Sheriff Lopez had a policy of encouraging and authorizing excessive force. Accordingly, Count VIII fails to allege facts demonstrating a plausible claim of a custom or policy of deliberate indifference to Constitutional rights against Sheriff Lopez.

## V.   THE COMPLAINT FAILS TO ALLEGE STATUTORY NOTICE

Count IX is a state law claim in negligence against Sheriff Lopez in both his individual and official capacity.[2]  Florida law provides a statutory framework

---

[2] Count IX incorporates by reference Paragraph 8 of the Complaint that expressly states Plaintiff's intention to sue Sheriff Lopez personally and officially.

9

allowing for a limited waiver of sovereign immunity in tort actions brought against an officer, employee, or agent of the state. *See* Fla. Stat. § 768.28. The exclusive remedy for an injury or damage due to any act or omission of a public employee occurring within the scope of their public service is by action against the head of the agency in her or his official capacity. Fla. Stat. § 768.28(9)(a). This framework expressly provides that written notice to the agency and state is a mandatory condition precedent to the commence of an action against the agency. Fla. Stat. § 768.28(6)(a). Additionally, "the complaint must contain an allegation of such notice." *Menendez v. N. Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988) (*quoting Levine v. Dade Cnty. Sch. Bd.*, 442 So. 2d 210, 213 (Fla. 1983)). Here, the Complaint contains no such allegation. "This alone requires dismissal because absent an allegation of notice, 'the complaint fails to state a cause of action.'" *City of Miami v. Alvarez*, 390 So.3d 248, (Fla. 3d DCA 2024) (citing *Menendez*, 537 So. 2d at 91).

## VI. COUNT IX FAILS TO STATE A CLAIM FOR RELIEF

The Complaint indicates that Sheriff Lopez is the "Director of the OCSO" responsible for supervising his subordinates in the performance of their police duties. [Doc. 1, ¶ 192]. Plaintiff is seeking to hold Sheriff Lopez personally liable for negligently performing his supervisory duties as the Director of the OCSO,

specifically his "indifference to and encouragement of excessive force against civilians." [Doc. 1, ¶ 197].

Even if such an actionable tort duty of care is owed to Plaintiff, which is questionable at best, Sheriff Lopez is nonetheless sovereignly immune from suit and liability for two reasons.[3] *First*, the alleged conduct described in Count IX concerns the discretionary functions of an elected Florida sheriff. The state and its agencies and subdivisions are sovereignly immune from suit and from liability for any loss or damage that stems from the discretionary functions of government. *See Com. Carrier Corp. v. Indian River County*, 371 So. 2d 1010, 1020 (Fla. 1979). "Basic judgmental or discretionary governmental functions are immune from legal action, whereas operational acts are not protected by sovereign immunity." *Pollock v. Florida Dept. of Highway Patrol*, 882 So. 2d 928, 933 (Fla. 2004).

*Second*, Florida law generally prohibits public employees from being held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function." Fla. Stat. 7868.28(9)(a). This statute provides immunity from suit, rather than than simply from liability. *Keck v. Eminisor*, 104 So.3d 359, 366 (Fla. 20212). Where the public employee engages in intentional

---

[3] *Florida Highway Patrol v. Jackson*, 288 So.3d 1179, 1185 (Fla. 2022) ("In Florida, sovereign immunity is both an immunity from liability and an immunity from suit.").

conduct that is in bad faith, committed with malicious purpose, or in willful and wanton disregard of the rights, safety or property of another, only then can the public employee be called to answer in suit for her or his actions. Florida's waiver of sovereign immunity statute states in relevant part:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a). Under Florida law, "[b]ad faith has been equated with the actual malice standard." *Turner v. Phillips*, 547 F. Supp. 3d 1188, 1209 (N.D. Fla. 2021), aff'd, 21-12370, 2022 WL 458238 (11th Cir. Feb. 15, 2022). This means the conduct must be committed with "ill will, hatred, spite, [or] evil intent," *N.R. by Ragan v. Sch. Bd. of Okaloosa Cnty., Florida*, 418 F. Supp. 3d 957, 989 (N.D. Fla. 2019), quoting *Reed v. State*, 837 So. 2d 366, 368–69 (Fla. 2002). Here, the Complaint fails to allege facts that plausibly demonstrate that Sheriff Lopez acted with the requisite bad faith, malicious purpose, or willful and wanton disregard so as to deprive him of immunity from personal liability under the statute. *See McGhee v. Volusia Cnty.*, 679 So. 2d 729, 733 (Fla. 1996).

## CONCLUSION

For the foregoing reasons, Sheriff Lopez requests that the Court dismiss Count VIII and Count IX of the Complaint.

## Rule 3.01(g) Certification

The undersigned, who also represents defendants Osceola County and Sheriff Lopez, spoke with Attorney Stephen Weil regarding the merits of this Motion. Attorney Weil indicated that he will review the legal authority cited and file a response in opposition if there is disagreement, and if there is agreement as to the arguments, he will file amended complaint as permitted by the Rules.

Dated this 4th day of March 2025.

*s/ Brian F. Moes*   _____
BRIAN F. MOES, ESQ.
Florida Bar No.:  39403
*moes@debevoisepoulton.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2025, the foregoing is being served via electronic mail to the following:  Antonio Romanucci, Esquire (*aromanucci@rblaw.net*), Bhavani Raveendran, Esquire (*b.raveendran@rblaw.net*), Stephen Weil, Esquire (*sweil@rblaw.net*), Romanucci & Blandin, LLC, 321 North Clark Street, Suite 900, Chicago, Illinois 60654; and Albert Jason Yonfa, Jr., Esquire (*ayonfa@pendaslaw.com*), Pendas Law Firm, 625 E. Colonial Drive, Orlando, Florida 32803, Bruce R. Bogan Esquire

(*bbogan@hilyardlawfirm.com*), Hilyard, Bogan & Palmer, P.A., P.O. Box 4973, Orlando, Florida, 32802, Summer M. Barranco, Esquire (*summer@purdylaw.com*), Purdy Jolly Giuffreda Barranco & Jisa, P.A., 2455 E. Sunrise Boulevard, Suite 1216,Fort Lauderdale, Florida 33304.

*s/ Brian F. Moes* _____
BRIAN F. MOES, ESQ.
Florida Bar No.: 39403
*moes@debevoisepoulton.com*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 83798
*poulton@debevoisepoulton.com*
G. RYAN DIETRICH, ESQ.
Florida Bar No.: 1007940
*dietrich@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
*Attorneys for Defendants Osceola County, Sheriff Lopez, DeJesus, and Maclean*