UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BARRETO-BAERGA,

    Plaintiffs,

v.                                    Case No. 6:25-CV-98-PGB-LHP

OSCEOLA COUNTY ET AL.,,

    Defendants.
_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 2/24/25 and on 3/4/2025. Stephen Weil (for Plaintiff), Tom Poulton and Brian Moes (for Osceola County Sheriff Lopez and DeJesus and Maclean) Summer M. Barranco (Crawford) and Bruce Bogan (Koffinas and Dominguez) attended the conferences.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   |---|---|
   | Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 4/14/2025 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 7/24/2025 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | |
| Plaintiff | 2/2/2026 |
| Defendant | 3/16/2026 |
| Rebuttal | 4/17/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). Plaintiff seeks a deadline of 1/16/26 for the completion of fact discovery, and a deadline of 5/22/26 for the completion of expert discovery. Defendants seek a single deadline of 5/22/26 for the completion of all discovery. *The parties discuss their respective positions in Section 9(c), below.* | *See note* |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | n/a |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 6/1/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Greg Miles 200 E. Robinson St, Suite 700 407-649-9495 | 6/8/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 10/1/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 10/12/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 10/19/2026 |
| Month and year of the trial term. | 11/1/2026 |

The trial will last approximately enter number   7   days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

   PLAINTIFF ALLEGES THAT ON FEBRUARY 27, 2022, SHERIFF DEPUTIES TASED HIM WHILE HE WAS SURROUNDED BY GASOLINE, CAUSING HIM TO BE BURNED SEVERELY. HE ALLEGES THAT THIS EXCESSIVE FORCE WAS THE RESULT OF POLICIES OF THE OSCEOLA COUNTY SHERIFF. HE SUES THE DEFENDANTS UNDER 42 U.S.C. § 1983 AND STATE LAW. DEFENDANTS DENY ALL CLAIMS AND RAISE VARIOUS AFFIRMATIVE DEFENSES, INCLUDING, BUT NOT LIMITED TO, QUALIFIED IMMUNITY AND IMMUNITY UNDER S. 768.28(9)(A), FLA. STAT.

4. **Disclosure Statement**

   ☒ Each party has filed a disclosure statement using the required form.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

    ☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

    ☒ The parties do request a preliminary pretrial conference, and the parties want to discuss their disagreement regarding deadlines for fact and expert discovery, which is summarized in Section 9(c) below.

8. **Discovery Practice**

    > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

    ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒ Yes.
    ☐ No; instead, the parties agree to these changes: enter changes.

    B. Discovery may be needed on these subjects:
    Facts of the incident
    Injuries to Plaintiff
    Policy and custom issues under *Monell v. New York Dep't of Soc. Svs.*

    C. Discovery should be conducted in phases:

    ☒ No. (Defendants' position)
    ☒ Yes (Plaintiff's position);

    **Plaintiff's position**: Completing fact discovery before expert reports are due ensures that the experts are offering opinions on an established factual record, and it prevents sandbagging (a party developing a factual record after seeing the other side's expert opinions). A fact discovery period closing in January 2026

provides ample time for both parties to complete fact discovery in this case, such that there should be no need to take any discovery after expert opinions are disclosed. **Defendants' position**: Plaintiff's request to stagger discovery presumes a default to "sandbagging "and needlessly constrains discovery of factual subject matter that could be revealed through expert opinion to have probative value. Plaintiff's concerns are adequately addressed by local rules and the rules of civil procedure.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

/s/ *Summer M. Barranco* [with consent]
Summer M. Barranco, Esq.,
Florida Bar No. 984663
PURDY, JOLLY, GIUFFREDA,
BARRANCO, & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone: (954) 462-3200
Email: summer@purdylaw.com

*Attorneys for Defendant Crawford*

/s/ *Bruce R. Bogan* [with consent]
Bruce R. Bogan
Hilyard, Bogan & Palmer P.A.
105 E. Robinson Street, suite 201
Orlando, Fl. 32801
407-425-4251 ex.213
Fax 407-841-8431

*Attorneys for Defendant, Koffinas & Dominguez*

/s/ *Brian Moes* [with consent]
BRIAN F. MOES, ESQ.
Florida Bar No.: 39403
moes@debevoisepoulton.com
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304

*For Defendants Osceola County,
Sheriff Lopez, DeJesus, and Maclean*

/s/ *Stephen H. Weil*
Stephen H. Weil
Romanucci & Blandin LLC
321 N. Clark Street
Suite 900
Chicago, IL 60654
T: 312-253-8592
F: 312-458-1004
sweil@rblaw.net

Albert J. Yonfa Jr.
The Pendas Law Firm
625 E Colonial Drive
Orlando, FL 32803
Phone: (407) 352-3535
Fax: (407) 770-6066
Email: ayonfa@pendaslaw.com

*Counsel for Plaintiff*