UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN LOUIS BARRETO-BAERGA,

       Plaintiff,

v.                               CASE NO.:  6:25-cv-00098-PGB-LHP

OSCEOLA COUNTY, FLORIDA;
MARCOS LOPEZ; ET. AL.,

       Defendants.

_____/

### DEFENDANT OSCEOLA COUNTY, FLORIDA'S
### REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

       Defendant Osceola County, by and through undersigned counsel, and pursuant to the Court's Order of July 11, 2025 (Doc. 59), hereby supplements its pending motion to dismiss.  (Doc. 31).

       One of the issues presented by the County's motion to dismiss is whether a Florida county may be held liable, particularly on a *Monell* claim,[1] for the actions of Sheriff's deputies where the County funds the Sheriff but does not control the law enforcement function of the Sheriff's Office.  Florida law recognizes a sheriff's independence on law enforcement matters and as a matter of law the County may not be held liable for those functions.  The County notes the following additional authorities and holdings in support of its pending motion to dismiss on this point.

_____

[1] *Monell v. Dep't of Soc. Svs., of New York*, 436 U.S. 658 (1978).

1.  <u>*L.S. by Hernandez v. Peterson*, 2018 WL 6573124, at \*9 (S.D. Fla. 2018).</u>

In *L.S. by Hernandez*, Plaintiffs sued among others the Broward County Sheriff, a deputy, and the County, concerning a deputy's actions during the Stoneman Douglas tragic shooting incident. The court granted a motion to dismiss by the County, despite Plaintiff's contention that "Florida's Constitution labels sheriffs as 'county officers' and authorizes counties to abolish the office of sheriff, the County has superior control over the Sheriff than does the State, the County funds the Sheriff, and the State is not responsible for judgment against the Sheriff." *Id.*, p. 9. Specifically, the court granted the motion to dismiss because in Florida a county does not control the law enforcement function of the Sheriff or his deputies.

> "In Florida, a county has no authority and control over a sheriff's law enforcement function." *Troupe v. Sarasota Cty., Fla.*, No. 8:02-cv-53-T-24MAP, 2004 WL 5572030, at \*11 (M.D. Fla. Jan. 22, 2004); *see also Nix v. Cty. of Sarasota*, No. 8:16-cv-3435-T-17AAS, 2017 WL 1106098, at \*2 (M.D. Fla. Mar. 21, 2017) (same). Thus, "[h]olding counties liable in the absence of control over sheriffs would ignore *Monell*'s conception of counties as corporations, would substitute a conception of counties as mere units of geography, and would impose even broader liability than the respondeat superior liability rejected in *Monell*." *Grech*, 335 F.3d at 1331."

*Id.* (footnote omitted).[2]

---

[2] The footnote observed that in another case, *C.P. by and through Perez v. Collier County*, 145 F.Supp. 3d 1085 (M.D. Fla. 2015), the district court had allowed a claim against a County to go forward on the basis of caselaw that held that the County is financially liable in official capacity claims against a sheriff. However, the *L.S. by Hernandez* court held that the *C.P.* case was distinguishable because the only defendants there were counties, as opposed to situations in which the law enforcement officers are defendants, which is the case in the instant matter.

2. _Edwards v. City of Fort Myers_, 2021 WL 1627475 at*7 (M.D. Fla. 2021).

In _Edwards v. City of Fort Myers_, 2021 WL 1627475 at *7 (M.D. Fla. 2021) the Court dismissed a claim against a Florida County based on the Sheriff's alleged actions, because:

> "Florida sheriffs are elected officials who exercise independent control over a host of matters, including the selection of personnel and the hiring, firing, and setting salaries of such personnel. _See_ Fla. Stat. § 30.53. As for law enforcement, Florida sheriffs are "conservators of peace in their counties." _See_ Fla. Stat. § 30.15(1)(e). This means that sheriffs in Florida act as agents for the state in enforcing the laws of the state. Florida statutes do not prescribe law enforcement powers as one of the statutorily created powers of counties. Fla. Stat. § 125.01. **And under Florida law, sheriffs are the governmental entities responsible for the neglect and default of their deputies. _See_ Fla. Stat. § 30.07.** (Emphasis added).

3. _Jones ex rel. Albert v. Lamberti_, 2008 WL 4070293 at *4 (S.D. Fla. 2008).

In _Jones ex rel. Albert v. Lamberti_, 2008 WL 4070293 at *4 (S.D. Fla. 2008), the court granted a motion for summary judgment by Broward County in a jail case, holding that a Florida county does not have supervisory control over the Sheriff. The court in that case also noted that the Florida Supreme Court has held that the operation of the sheriff's office is a function which belongs uniquely to the sheriff as the chief law enforcement officer of the county, citing _Weitzenfeld v. Dierks,_ 312 So.2d 194, 196 (Fla.1975). "To hold otherwise would do irreparable harm to the integrity of a constitutionally created office as well as violate the precept established by F.S. Section 30.53...." _Weitzenfeld_ at 196.

4. _Pinto v. Collier Cnty._, 2020 WL 2219185, at *10 (M.D. Fla. 2020).

In _Pinto v. Collier Cnty._, 2020 WL 2219185, at *10 (M.D. Fla. 2020), the district court dismissed with prejudice Collier County in a §1983 use of force case because the county was not legally responsible for the Sheriff's law enforcement functions. (citing _L.S. by Hernandez_, 2018 WL 6573124, at *9). See also _Nix v. Cty. of Sarasota_, 2017 WL 1106098 at *2 (M.D. Fla. 2017) (Sheriff substituted as proper defendant for the County in §1983 _Monell_ excessive force case).

5. _Tarantino v. Citrus County Government_, 2013 WL 12153541 at *6 (M.D. Fla. 2013).

In _Tarantino v. Citrus County Government_, 2013 WL 12153541 at *6 (M.D. Fla. 2013) the district court dismissed claims against Citrus County when that county was sued under §1983 for the actions of Sheriff's employees.

> Indeed, Citrus County cannot be liable for the actions of law enforcement officers whom it has no authority to control. Rather, that authority lies with Sheriff Dawsey, including the authority for the actions and policy making decisions alleged in the complaint. _See Gretch v. Clayton County, Ga._, 305 F.3d 1326, 1330 (11th Cir. 2003). Numerous courts have recognized that, in Florida, the Sheriff in his official capacity is the proper party in such claims. _See, e.g., McGough v. Marion County_, 2008 WL 2073907 (M.D. Fla. May 14, 2008), _Troupe v. Sarasota County_, 2004 WL 5572030 (M.D. Fla. Jan. 22, 2007).

6. _Washington v. Washington, 2015 WL 9918155 at *4 (N.D. Fla. 2015)_

In _Washington v. Washington_, 2015 WL 9918155 at *4 (N.D. Fla. 2015) the Court dismissed Plaintiff's claims against the Leon County Board of County Commissioners and reiterated that in Florida, sheriffs are independently elected officials who act as agents for the state in enforcing the laws of the state, and a county has no authority and control over a sheriff's law enforcement function.

Defendant County submits that these additional authorities support its pending motion to dismiss and urges the Court to consider them in review of the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July, 2025, the foregoing is being served via electronic mail to the following: Antonio Romanucci, Esquire (*aromanucci@rblaw.net*), Bhavani Raveendran, Esquire (*b.raveendran@rblaw.net*), Stephen Weil, Esquire (*sweil@rblaw.net*), Romanucci & Blandin, LLC, 321 North Clark Street, Suite 900, Chicago, Illinois 60654; and Albert Jason Yonfa, Jr., Esquire (*ayonfa@pendaslaw.com*), Pendas Law Firm, 625 E. Colonial Drive, Orlando, Florida 32803, Bruce R. Bogan Esquire (*bbogan@hilyardlawfirm.com*), Hilyard, Bogan & Palmer, P.A., P.O. Box 4973, Orlando, Florida, 32802, Summer M. Barranco, Esquire (*summer@purdylaw.com),* Purdy Jolly Giuffreda Barranco & Jisa, P.A., 2455 E. Sunrise Boulevard, Suite 1216,Fort Lauderdale, Florida 33304.

<div style="margin-left:40%">

*s/ Thomas W. Poulton*
BRIAN F. MOES, ESQ.
Florida Bar No.: 39403
*moes@debevoisepoulton.com*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 83798
*poulton@debevoisepoulton.com*
G. RYAN DIETRICH, ESQ.
Florida Bar No.: 1007940
*dietrich@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
*Attorneys for Defendants Osceola County,*
*Sheriff Lopez, DeJesus, and Maclean*

</div>