**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JEAN LOUIS BARRETO-BAERGA,

    Plaintiff,

v.                                        Case No:   6:25-cv-98-PGB-LHP

OSCEOLA COUNTY, MARCOS LOPEZ, DAVID CRAWFORD, CHRISTOPHER KOFFINAS, JOSEPH DE JESUS, ARTURO DOMINGUEZ and BENJAMIN MACLEAN,

    Defendants

---

**ORDER**

Before the Court is Defendants' Unopposed Joint Motion for Physical Examination of Plaintiff.  Doc. No. 66.  On review, the motion will be **GRANTED**.

On January 22, 2025, Plaintiff Jean Louis Barreto-Baerga filed a complaint against Defendants Osceola County; then-Sheriff Marcos Lopez, in his individual and official capacities; and sheriff's deputies David Crawford, Christopher Koffinas, Joseph De Jesus, Arturo Dominguez, and Benjamin Maclean.  Doc. No. 1.  The complaint brings claims under 42 U.S.C. § 1983 and state law related to Plaintiff's encounter with the sheriff's deputies on February 27, 2022, during which

the deputies allegedly pursued Plaintiff on his dirt-bike, violently tackled him after he stopped at a gas station, pinned him on the ground, shocked him with a taser, and tazed him again even through there was obvious exposed gasoline in the vicinity, which resulted in an explosion and Plaintiff's body being engulfed in flames.  *Id.*  As a result of this encounter, Plaintiff alleges that he suffered permanent and catastrophic physical injury resulting in pain and suffering and requiring extensive medical treatment and expenses; disfigurement; prevention of the ability to work in numerous fields and loss of earnings; monetary losses; and emotional trauma, among other impacts.  *Id.* at 16-17.

Defendants, jointly and without opposition from Plaintiff, have now filed a motion requesting the Court to order Plaintiff to appear for a physical examination pursuant to Federal Rule of Civil Procedure 35.  Doc. No. 66.  Defendants assert that Plaintiff has placed his physical condition in controversy by the allegations of the complaint, and good cause exists to allow a medical assessment of Plaintiff, to include a physical examination of Plaintiff 's burn injuries.  *Id.* at 3-4.  Defendants request that Plaintiff appear for a one-hour examination (excluding pre-examination administrative matters) by Dr. Carl Ivan Schulman, MD, PhD, MSPH, FACS, a tenured professor of surgery at the University of Miami Miller School of Medicine in Miami, Florida, on January 14, 2026, beginning at 1:00 p.m., at Debevoise & Poulton, P.A., located at 1035 S. Semoran Blvd., Suite 1010, Winter

Park, Florida 32792. *Id.* at 4-5. The scope of the examination could include: (i) Plaintiff performing certain movements to assess range of motion, flexibility, and other physical abilities inherent in daily living, (ii) Plaintiff performing certain strength exercises to gauge physical attributes, (iii) palpating Plaintiff's body to assess scar tissue pliability/elasticity, and (iv) photography to document the current maturation of Plaintiffs wound healing and scarring. *Id.* at 4. No invasive testing or techniques will be utilized during the examination. *Id.*

Federal Rule of Civil Procedure 35 provides: "The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. P. 35(a). The party moving for a physical examination under Federal Rule of Civil Procedure 35 has the burden of establishing that the plaintiff's or the defendant's physical condition is in controversy and that there is good cause for the Court to order the examination. Fed. R. Civ. P. 35(a); *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). The Order setting a Rule 35 examination must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Here, Defendants have demonstrated that Plaintiff placed his physical injuries at issue in this case, and good cause exists to subject him to a physical examination pursuant to Federal Rule of Civil Procedure 35. *See Schlagenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."); *Rosa v. City of Fort Myers*, No. 2:05-cv-481-FtM-29SPC, 2006 WL 8438825, at *2 (M.D. Fla. Dec. 28, 2006) ("The Plaintiff makes specific allegations that she suffered . . . physical damages as a result of the alleged civil rights violations. Thus, . . . the Rule 35 examination is warranted.").

Accordingly, Defendants' Unopposed Joint Motion for Physical Examination of Plaintiff (Doc. No. 66) is **GRANTED**. It is **ORDERED** that Plaintiff, Jean Louis Barreto-Baerga, shall appear for a one-hour (excluding pre-examination administrative matters) physical examination by Dr. Carl Ivan Schulman, MD, PhD, MSPH, FACS, on **Wednesday January 14, 2026, at 1:00 p.m.**, at Debevoise & Poulton, P.A., located at 1035 S. Semoran Blvd., Suite 1010, Winter Park, Florida 32792. The scope of the examination may include: (i) Plaintiff performing certain movements to assess range of motion, flexibility, and other physical abilities inherent in daily living, (ii) Plaintiff performing certain strength exercises to gauge physical attributes, (iii) palpating Plaintiff's body to assess scar tissue

pliability/elasticity, and (iv) photography to document the current maturation of Plaintiffs wound healing and scarring. The examination shall also comply with the conditions agreed to by the parties. *See* Doc. No. 66, at 5.

**DONE** and **ORDERED** in Orlando, Florida on January 7, 2026.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record