UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN LOUIS BARRETO-BAERGA,

    Plaintiff,

v.                                CASE NO.: 6:25-cv-00098-PGB-LHP

OSCEOLA COUNTY, FLORIDA,
MARCOS LOPEZ, DAVID CRAWFORD,
CHRISTOPHER KOFFINAS, JOSEPH DEJESUS,
ARTURO DOMINGUEZ, and BENJAMIN MACLEAN,

    Defendants.
_____/

## JOINT MOTION TO ENLARGE CASE DEADLINES BY 90 DAYS

    Plaintiff JEAN LOUIS BARRETO-BAERGA and Defendants OSCEOLA COUNTY, FLORIDA, MARCOS LOPEZ, DAVID CRAWFORD, CHRISTOPHER KOFFINAS, JOSEPH DEJESUS, ARTURO DOMINGUEZ, and BENJAMIN MACLEAN, by and through undersigned counsel and pursuant to the provisions of the Case Management and Scheduling Order (Dkt. 42, page 2), the Court's Order granting enlargement of case deadlines (Dkt. 64) and resulting Amended Case Management and Scheduling Order (Dkt. 65), and Federal Rule of Civil Procedure 6(b)(1)(A), move the Court for entry of an Order enlarging all case deadlines by 90 days, and state:

    1.    This case involves allegations of improper use of a taser, causing injuries to Plaintiff, and related claims brought under *Monell*.

2. The Court entered a Case Management and Scheduling Order on April 8, 2025, setting case deadlines. (Dkt. 42). These deadlines included an expert disclosure for Plaintiff of January 5, 2026.

3. Counsel for all parties conferred and agreed that an enlargement of time was necessary on expert disclosure and discovery deadlines, and on November 26, 2025, filed a joint motion to alter those deadlines. (Dkt. 63). The Court granted the motion (Dkt. 64) and entered an Amended Case Management and Scheduling Order (Dkt. 65).

4. The parties have acted diligently and cooperatively in litigating the matter. Among other things, depositions of the following persons have already taken place:

- Plaintiff has been deposed (and a medical examination conducted);
- All five on-scene deputy defendants have been deposed;
- Two Osceola Sheriff's Office investigators have been deposed.

5. A number of tasks remain, however, and will take significant additional time. Mindful of the disruption this request causes, the parties stress (and will elaborate below) that much of the purpose of this request is to complete important discovery that will enable the parties to engage in a full and good-faith mediation. Without some of the information that the parties anticipate would develop if the Court grants this motion, mediation by either Plaintiff or the Defendants would be very difficult.

6. The tasks remaining include:

   a. One of Plaintiff's experts is a taser expert and he seeks to test fire the taser. Upon this request, counsel for the Sheriff obtained a court order from the state court where the taser was stored to retrieve the taser and place it into evidence at the Osceola County Sheriff's Office. This has been accomplished in preparation for testing of the taser, and testing was originally scheduled for January 14, 2026, at the Osceola County Sheriff's Office, with counsel and the Plaintiff's taser expert travelling to be in attendance.

   b. However, as those preparations have been made, concerns have arisen as to whether upon charging to the taser, or upon download of results of the testing, updates may be caused to the taser's internal firmware or software.

   c. Counsel are working to understand the effects of such updates, whether they are meaningful to any testing results, and whether they can be avoided in some manner. This will likely require that the parties enter into a stipulation to acknowledge and waive concerns about alteration of the taser, spoliation, and related points.

   d. Plaintiff's injuries were extensive and he was hospitalized for a significant period. His medical records are approximately 3,000 pages in length and medical invoices range up to approximately $9 million. However, as is not uncommon, actual payments for different medical

encounters, and related liens, which include government payors, are reported at this point to vary in numerous cases from the retail amounts. Put another way, the question of who is owed what is very complex. Plaintiff's counsel has been involved in a vigorous and multi-month effort to gather this complex information, but has experienced considerable difficulty and delay in gathering the underlying payment and related information. As a result Plaintiff's counsel has not yet been able to secure a firm opinion on these matters.

e. Mediation is currently set for March 12, 2026. But, the uncertainty of the amount of medical bills and the position of lienholders substantially impairs the ability of Plaintiff's counsel to issue an accurate expert report on the economic damages, to represent to the defense what is owed and would have to be repaid, and prevents Plaintiff's counsel from discussing liens with lienholders prior to mediation, which is critical to the success of mediation in this case.

f. Plaintiff has yet to depose Marcos Lopez, the Sheriff at the time of the incident and a named individual capacity defendant. He currently faces unrelated criminal charges, and his criminal case counsel have been contacted to set his deposition, but counsel have so far been unable to get the deposition set.

  g. Thomas Poulton, Esq., counsel for the Sheriff, is scheduled to be in trial the week of January 26, 2026, and possibly then in another trial the following week, which makes it difficult for him to work on coordinating the taser testing (once agreed to) or to coordinate the deposition of former Sheriff Lopez.

  h. Stephen Weil, Esq., counsel for Plaintiff, has the following matters set in the immediate future, which inhibit his ability to devote time and attention to the instant matter, including Rule 30(b)(6) depositions in pending *Monell* litigation in the Western District of Tennessee and multiple pending expert depositions in the Circuit Court of Cook County, Illinois, all of which are set in the weeks of January 26 and February 6, 2026.

7. After conferral, counsel for the parties therefore request that the current case deadlines be extended 90 days, as follows (based on dates in the Amended Case Management Order, Dkt. 65):

 Plaintiff expert deadline:  May 4, 2026

 Defense expert deadline:  June 5, 2026

 Discovery deadline:  July 3, 2026

 Mediation deadline:  July 10, 2026[1]

---

[1] Mediation with Greg Miles, currently set for April 13, 2026, would be reset. This new requested deadline of July 10, 2026, is one week beyond a three-month extension from the current deadline, but is requested to coincide with the period immediately after summary judgment motions are filed to assist the parties in framing the issues for mediation.

Dispositive motion, Daubert, and Markman deadlines: August 4, 2026

Meeting in person to prepare JPTS: November 2, 2026

Final pretrial conference: December 15, 2026

Trial Term: January 4, 2027.

8. The Case Management Order states that deadlines may not be altered except as ordered by the Court. Similarly, Federal Rule of Civil Procedure 6(b)(1)(A) provides the Court with the authority to modify deadlines, prior to their passage, where good cause is shown. The parties continue to work diligently to complete discovery, including testing of the taser, evaluation of the medical billing and records, but submit that good cause has been shown to enlarge the deadlines, as requested.

WHEREFORE, the Parties move the Court for an Order enlarging the case deadlines by 90 days, as discussed above.

## **MEMORANDUM OF LAW**

Pursuant to Local Rule 3.01(g), the Parties submit the following Memorandum of Law in support of the instant motion.

Fed. R. Civ. Pro. 6(b)(1)(A) allows the Court for good cause to extend case deadlines if the motion is made before the original time for response has expired. Such an application for extension of time under Rule 6(b)(1)(A) "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Wright and Miller, §4B Fed. Prac. & Proc. Civ. § 1165 (4th ed). The diligence of the moving parties should be considered in determining whether there is

good cause to extend a deadline. *Jozwiak v. Stryker Corp.*, 2010 WL 743834, at *2 (M.D.Fla.2010) (granting motion to extend to respond filed on due date of response).

Counsel are aware that requests to extend deadlines are disfavored but in this case submit that good cause exists to enlarge the case deadlines as requested. Counsel for all parties have worked diligently and cooperatively to conduct discovery. The need to test the taser, to depose former Sheriff Lopez, and for both sides to evaluate medical bills and liens is absolutely necessary if there is to be a meaningful mediation in the case.

DATED this 26th day of January 2026.

| | |
|---|---|
| *s/ Stephen H. Weil* [with consent] | *s/ Thomas W. Poulton* |
| STEPHEN H. WEIL, ESQ. | THOMAS W. POULTON, ESQ. |
| Illinois Bar No.: 6291026 | Florida Bar No.: 83798 |
| *sweil@rblaw.net* | *poulton@debevoisepoulton.com* |
| ROMANUCCI & BLANDIN LLC | DeBEVOISE & POULTON, P.A. |
| 321 N. Clark Street, Suite 900 | 1035 S. Semoran Blvd., Suite 1010 |
| Chicago, IL 60654 | Winter Park, FL 32792 |
| Telephone: 312-253-8592 | Telephone: 407-673-5000 |
| *Attorney for Plaintiff* | *Attorneys for Defendants Osceola County, Lopez, DeJesus, and Maclean* |
| | |
| *s/ Summer M. Barranco* | *s/ Bruce R. Bogan* |
| SUMMER M. BARRANCO, ESQ. | BRUCE R. BOGAN, ESQ. |
| Florida Bar No.: 984663 | Florida Bar No.: 599565 |
| *summer@purdylaw.com* | *bbogan@hilyardlawfirm.com* |
| PURDY JOLLY GIUFFREDA BARRANCO & JISA, P.A. | HILYARD, BOGAN & PALMER, PA. |
| 2455 E. Sunrise Boulevard, Suite 1216 | 105 E. Robinson Street, Suite 201 |
| Fort Lauderdale, Florida 33304-3115 | Orlando, Florida 32801-1622 |
| Telephone: 954-462-3200 | Telephone: 407-425-4251 |
| *Attorneys for Defendant Crawford* | *Attorneys for Defendant Koffinas and Dominguez* |

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of January, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will also serve notice via electronic mail to the following: Antonio Romanucci, Esquire (*aromanucci@rblaw.net*), Bhavani Raveendran, Esquire (*b.raveendran@rblaw.net*), Stephen Weil, Esquire (*sweil@rblaw.net*), Romanucci & Blandin, LLC, 321 North Clark Street, Suite 900, Chicago, Illinois 60654; and Albert Jason Yonfa, Jr., Esquire (*ayonfa@pendaslaw.com*), Pendas Law Firm, 625 E. Colonial Drive, Orlando, Florida 32803, Bruce R. Bogan Esquire (*bbogan@hilyardlawfirm.com*), Hilyard, Bogan & Palmer, P.A., P.O. Box 4973, Orlando, Florida, 32802, Summer M. Barranco, Esquire (*summer@purdylaw.com),* Purdy Jolly Giuffreda Barranco & Jisa, P.A., 2455 E. Sunrise Boulevard, Suite 1216, Fort Lauderdale, Florida 33304.

/s/ *Thomas W. Poulton*
BRIAN F. MOES, ESQ.
Florida Bar No.: 39403
*moes@debevoisepoulton.com*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 83798
*poulton@debevoisepoulton.com*
G. RYAN DIETRICH, ESQ.
Florida Bar No.: 1007940
*dietrich@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
*Attorneys for Defendants Osceola County, Lopez, DeJesus, and Maclean*