UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN LOUIS BARRETO-BAERGA,

      Plaintiff,

v.                                               CASE NO.:  6:25-cv-00098-PGB-LHP

OSCEOLA COUNTY, FLORIDA,
MARCOS LOPEZ,
SHERIFF CHRISTOPHER A. BLACKMON,
DAVID CRAWFORD,
CHRISTOPHER KOFFINAS,
JOSEPH DEJESUS,
ARTURO DOMINGUEZ,
and BENJAMIN MACLEAN,

      Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT (DKT. 1) BY DEFENDANT OSCEOLA COUNTY

Defendant OSCEOLA COUNTY (hereinafter "COUNTY"), by and through

undersigned counsel, hereby answers Plaintiff's Complaint (Dkt. 1), as follows:

### JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

### JURY DEMAND

4. COUNTY, likewise, demands a trial by jury on all issues so triable.

**PARTIES**

5. Without knowledge and, therefore denied.

6. Paragraph 6 of the underlying Complaint is a general statement that does not require a response. To the extent that a response is required, it is admitted that Osceola County is a governmental entity in the State of Florida; otherwise, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

7. Denied.

8. Paragraph 8 of the underlying Complaint is a general statement that does not require a response. To the extent that a response is required, it is admitted that at the time of the incident Marcos Lopez was the elected Sheriff of Osceola County, Florida; otherwise, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

9. Admitted.

10. Denied and strict proof is demanded thereof.

11. Admitted only that Deputy Crawford was an OCSO deputy, otherwise denied.

12. Admitted only that Deputy Crawford was an OCSO deputy, otherwise denied.

13. Admitted.

14. Admitted only that Deputy Koffinas was acting within the scope of employment with the OCSO, otherwise denied.

2

15. Admitted.

16. Admitted only that DEJESUS was acting within the scope of employment with the OCSO, otherwise denied.

17. Admitted.

18. Admitted only that Deputy Dominguez was acting within the scope of his employment with the OCSO, otherwise denied.

19. Admitted.

20. Admitted only that Deputy Maclean was acting within the scope of his employment with the OCSO, otherwise denied.

21. Admitted that at the time of the incident each named deputy was acting in his discretionary authority as a deputy sheriff; otherwise denied.

**FACTUAL ALLEGATIONS**

22. Denied as an incomplete and misleading characterization of the posted video, and strict proof is demanded thereof.

23. COUNTY lacks knowledge or information as to "common knowledge among OCSO deputies" and, therefore, those allegations are denied.

24. Denied as an incomplete and misleading characterization of the posted video, and strict proof is demanded thereof.

25. Denied as an incomplete and misleading characterization of the posted video, and strict proof is demanded thereof.

26. Denied as an incomplete and misleading characterization of the posted video, and strict proof is demanded thereof.

27.    Denied as an incomplete and misleading characterization of the posted video, and strict proof is demanded thereof.

28. Denied as an incomplete and misleading characterization of the posted video, and strict proof is demanded thereof.

29. Denied as an incomplete and misleading characterization of the posted video, and strict proof is demanded thereof.

30.  Paragraph 30 of the underlying Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

31. Paragraph 31 of the underlying Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

32. Paragraph 32 of the underlying Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

33. Paragraph 33 of the underlying Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

34. Paragraph 34 of the underlying Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

35. Paragraph 35 of the underlying Complaint is a general statement that does not require a response. To the extent that a response is required, it is denied as framed. Defendant specifically denies both the factual and legal basis for Plaintiff's claims.

36. Without knowledge and, therefore, denied.

37. Denied.

38. Admitted.

39. Without knowledge and, therefore, denied..

40. Admitted.

41. Denied as to the phrase "several minutes before."  Otherwise admitted.

42. Without knowledge, and therefore denied.

43- 131. Paragraphs 43 – 131 are general statements, refer to an incident that is not privy to this Defendant, and are addressed to parties other than the appearing Defendant for which this Defendant does not need to respond. To the extent that a response is required, they are denied as framed and strict proof is demanded thereof.

**INJURIES AND DAMAGES**

132. It is generally admitted that Plaintiff was injured during the incident but the allegations in paragraph 132 are too vague to specifically be admitted or denied.

133.   Denied.

134.   Denied.

135.   Denied.

## COUNT I—42 U.S.C. § 1983—Fourth Amendment
*Defendant Crawford*

This Claim and the allegations contained in Paragraphs 136 through 141 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

## COUNT II—State Law Assault and Battery
*Defendant Crawford*

This Claim and the allegations contained in Paragraphs 142 through 148 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

## COUNT III—State Law Intentional Infliction of Emotional Distress
*Defendant Crawford*

This Claim and the allegations contained in Paragraphs 149 through 154 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

## COUNT IV—42 U.S.C. § 1983—Fourth Amendment
*Defendant Koffinas*

This Claim and the allegations contained in Paragraphs 155 through 161 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

### COUNT V—42 U.S.C. § 1983—Fourth Amendment
*Defendant DeJesus*

This Claim and the allegations contained in Paragraphs 162 through 168 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

### COUNT VI—42 U.S.C. § 1983—Fourth Amendment
*Defendant Dominguez*

This Claim and the allegations contained in Paragraphs 169 through 175 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

### COUNT VII—42 U.S.C. § 1983—Fourth Amendment
*Defendant Maclean*

This Claim and the allegations contained in Paragraphs 176 through 182 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

### COUNT VIII—42 U.S.C. § 1983
*Defendant Lopez (in his individual capacity)*

This Claim and the allegations contained in Paragraphs 183 through 190 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

## COUNT IX—Negligence
*Defendant Lopez*

This Claim and the allegations contained in Paragraphs 191 through 197 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

## COUNT X—42 U.S.C. § 1983
*Osceola County and Sheriff Lopez (in his official capacity)*

198. Defendant County restates its responses to paragraphs 1 through 122 above.

199. Denied and strict proof is demanded thereof.

200. Denied and strict proof is demanded thereof. It is also specifically denied that the Sheriff is the final policymaker for the County.

201. Denied and strict proof is demanded thereof. It is also specifically denied that the Sheriff is the final policymaker for the County.

202. Denied and strict proof is demanded thereof.

203. Denied and strict proof is demanded thereof.

204. Denied and strict proof is demanded thereof.

## COUNT XI—State law—Respondeat Superior
*Osceola County*

This Count is dismissed (Doc. 75) and so no response is necessary.

## COUNT XII—Indemnification
*Osceola County*

213. Defendant County restates its responses to paragraphs 1 through 122 above.

8

214.    Denied and strict proof is demanded thereof..

215.    Denied and strict proof is demanded thereof..

216.    Denied and strict proof is demanded thereof.  The Plaintiff does not have standing to bring this claim as any claim or cause of action for indemnity belongs to the defendants in the case, not the Plaintiff.

## PRAYERS FOR RELIEF

The County denies the remaining allegations and inferences of culpability within Paragraphs 217 through 229 stemming from the law enforcement encounter with Plaintiff occurring February 27, 2022.  Defendant County denies that it is obligated to indemnify any other Defendant.

## General Denial

Any allegation of the Complaint not expressly admitted herein is denied. Defendant denies all claims for liability and damages.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

With regard to any remaining state law claim against the (current or former) Sheriff in his official capacity, Plaintiff has not alleged compliance with the notice of claim provisions of §768.28(6), Fla. Stat., barring all remaining state law claims.

### Second Affirmative Defense

As to any state law claims, the County is entitled to the privileges and immunities provided for in Ch. 768.28 Fla. Stat., including, but not limited to, limitations and capitations on the type or amount of damages, verdicts, judgments, or collection of judgments, provided for in §768.28(5), Fla. Stat.

### Third Affirmative Defense

The County may not be held liable under principles of sovereign immunity and separation of powers for acts or omissions founded on discretionary or executive policy-making level decisions of the County, and said immunity has not been waived by Ch. 768.28, Fla. Stat.

### Fourth Affirmative Defense

The burden is on Plaintiff to demonstrate, either on §1983 claims or state law claims, that the Sheriff or his deputies are County officials or employees. To the extent that the burden is on the County to demonstrate the lack of control or supervision over the Sheriff or the deputies, such control or supervision is denied.

## Fifth Affirmative Defense

To the extent it is an affirmative defense, Count XII, for indemnification, fails to state a claim on which relief can be granted. Plaintiff has no right to demand indemnity for the benefit of, or entitled to, other parties.

## Sixth Affirmative Defense

Defendant County is not the employer of, and has no control over, the hiring or training of deputies, and no control over execution of law enforcement duties by the Sheriff or his deputies and is not liable for claims based on their actions. To the extent that the County may be liable for the actions of the Sheriff or his deputies, the deputies had the right to self-defense of themselves or others based upon Plaintiff's threatened use of unlawful force under §§776.012 or 776.032, Fla. Stat. Any force used by any deputy was justified under §776.05, Fla. Stat.

## Seventh Affirmative Defense

Plaintiff was himself negligent or at fault and his negligence or fault should be considered by the jury and apportioned on any verdict form or judgment at trial of this matter.

## Eighth Affirmative Defense

Defendant County is entitled to a set-off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses, or negotiated agreements to pay medical bills or other expenses in the future pursuant to the law of collateral source setoff and *Goble v. Frohman*, 901 So.2d 830 (Fla 2005). Alternatively,

11

Plaintiff is not entitled to claim bills, costs, or expenses incurred, but waived or not actually incurred by Plaintiff.

Ninth Affirmative Defense

To the extent that any state law claim of liability against the County is premised on lack of probable cause to arrest Plaintiff, probable cause existed to arrest Plaintiff on charges of violating various statutes, including but not limited to § 316.2085(2), Fla. Stat., § 316.1926, Fla. Stat., § 318.14(13)(c), Fla. Stat., § 316.1935(1), Fla. Stat. [Fleeing and Eluding], and § 316.192, Fla. Stat. [Reckless Driving].

Tenth Affirmative Defense

Pursuant to §768.28(9)(a), Fla. Stat., to the extent Plaintiff seeks to hold the County vicariously liable for the acts of the deputy defendants or of the Sheriff, the County may not be held liable for any such act taken outside the course and scope of a defendant's employment, or for any act taken in bad faith, with malice, or with wanton and willful disregard of human rights, safety, or property.

Eleventh Affirmative Defense

Plaintiff has failed to mitigate his damages.  Plaintiff may not recover for losses he reasonably could have avoided with the exercise of ordinary and reasonable care.

Twelfth Affirmative Defense

To the extent it is an affirmative defense, Count XII for indemnification fails to state a claim on which relief can be granted.  In Florida, a party seeking indemnification under common law must be wholly without fault.  Plaintiff Barreto-

12

Baerga was himself negligent or at fault and therefore cannot assert a right to indemnity, either directly or indirectly on behalf of other defendants.

Thirteenth Affirmative Defense

To the extent it is an affirmative defense, Count XII for indemnification fails to state a claim on which relief can be granted.  In Florida, there is no right for a plaintiff to sue a third party and to demand indemnification by that third party for the benefit of a defendant.  A claim for indemnification, if any, belongs to the defendant, not to the plaintiff.

Fourteenth Affirmative Defense

Defendants are entitled to a set-off for any collateral source benefits paid to plaintiff, including, but not limited to, unemployment compensation, disability insurance payments, or other benefits paid by or on behalf of an employer.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by a jury for all issues and questions so triable.

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will also serve notice via electronic mail to the following:  Antonio Romanucci, Esquire (*aromanucci@rblaw.net*), Bhavani Raveendran, Esquire (*b.raveendran@rblaw.net*), Stephen Weil, Esquire (*sweil@rblaw.net*), Romanucci & Blandin, LLC, 321 North Clark Street, Suite 900, Chicago, Illinois 60654; and Albert Jason Yonfa, Jr., Esquire (*ayonfa@pendaslaw.com*), Pendas Law Firm, 625 E. Colonial Drive, Orlando, Florida 32803, Bruce R. Bogan Esquire (*bbogan@hilyardlawfirm.com*), Hilyard, Bogan & Palmer, P.A., P.O. Box 4973, Orlando, Florida, 32802, Summer M. Barranco, Esquire (*summer@purdylaw.com*), Purdy Jolly Giuffreda Barranco & Jisa, P.A., 2455 E. Sunrise Boulevard, Suite 1216, Fort Lauderdale, Florida 33304.

/s/  Thomas W. Poulton
BRIAN F. MOES, ESQ.
Florida Bar No.:  39403
*moes@debevoisepoulton.com*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  83798
*poulton@debevoisepoulton.com*
G. RYAN DIETRICH, ESQ.
Florida Bar No.: 1007940
*dietrich@debevoisepoulton.com*
ANA CRISTINA CUELLO, ESQ.
Florida Bar No.:  1010406
*cuello@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone:  407-673-5000
*Attorneys for Defendants Osceola County, Lopez, Blackmon, DeJesus, and Maclean*

14