UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN LOUIS BARRETO-BAERGA,

      Plaintiff,

v.                                  CASE NO.:  6:25-cv-00098-PGB-LHP

OSCEOLA COUNTY, FLORIDA,
MARCOS LOPEZ,
SHERIFF CHRISTOPHER A. BLACKMON,
DAVID CRAWFORD,
CHRISTOPHER KOFFINAS,
JOSEPH DEJESUS,
ARTURO DOMINGUEZ,
and BENJAMIN MACLEAN,

      Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT (DKT. 1) BY DEFENDANTS MARCOS LOPEZ AND SHERIFF BLACKMON

Defendant MARCOS LOPEZ, in his individual capacity, and CHRIS A. BLACKMON, in his official capacity as Sheriff of Osceola County, Florida,[1] by and through undersigned counsel, hereby answer Plaintiff's Complaint (Dkt. 1), as follows:

### JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

_____

[1] Suit was originally filed against Defendant Lopez in both his individual capacity and in his official capacity as Sheriff. Sheriff Blackmon has since been substituted on the official capacity claims, e.g. Count X.  (Doc. 73).  Thus, this answer is submitted on behalf of Lopez in his individual capacity, and on behalf of Sheriff Blackmon in his official capacity.

3. Admitted for jurisdictional purposes only.

**JURY DEMAND**

4. Defendants Lopez and Sheriff Blackmon, likewise, demand a trial by jury on all issues so triable.

**PARTIES**

5. Without knowledge and, therefore denied.

6. Admitted. However, it is denied that the County may be held liable, vicariously or otherwise, for the actions of the Sheriff, the Sheriff's Office (OCSO), or for Sheriff's deputies.

7. Denied.

8. Denied as phrased. It is admitted that at the time of the incident Marcos Lopez was the elected Sheriff of Osceola County, Florida.

9. Admitted.

10. Denied.

11. Admitted only that Deputy Crawford was an OCSO deputy, otherwise denied.

12. Admitted only that Deputy Crawford was an OCSO deputy, otherwise denied.

13. Admitted.

14. Admitted only that Deputy Koffinas was acting within the scope of employment with the OCSO, otherwise denied.

15. Admitted.

16. Admitted only that Dejesus was acting within the scope of employment with the OCSO, otherwise denied.

17. Admitted.

18. Admitted only that Deputy Dominguez was acting within the scope of his employment with the OCSO, otherwise denied.

19. Admitted.

20. Admitted only that Deputy Maclean was acting within the scope of his employment with the OCSO, otherwise denied.

21. Admitted that at the time of the incident each named deputy was acting in his discretionary authority as a deputy sheriff; otherwise denied.

**FACTUAL ALLEGATIONS**

22. Denied as an incomplete and misleading characterization of the posted video.

23. Denied.

24. Denied as an incomplete and misleading characterization of the posted video.

25. Denied as an incomplete and misleading characterization of the posted video.

26. Denied as an incomplete and misleading characterization of the posted video.

27. Denied as an incomplete and misleading characterization of the posted video.

28. Denied as an incomplete and misleading characterization of the posted video.

29. Denied as an incomplete and misleading characterization of the posted video.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Without knowledge and, therefore, denied.

37. Denied.

38. Admitted.

39. Without knowledge and, therefore, denied..

40. Admitted.

41. Denied as to the phrase "several minutes before."  Otherwise admitted.

42. Without knowledge, and therefore denied.

43. Admitted.

44. Admitted.

45. Admitted other deputies arrived and that Plaintiff unlawfully eluded the attempted stop.

46. Denied as framed as "locked on;" but admitted that the Sheriff's helicopter monitored Plaintiff and radioed locations to the deputies.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Admitted that the helicopter followed Plaintiff; otherwise, denied.

61. Admitted.

62. Denied.

63. Admitted that, among other things, Plaintiff began refueling his dirt bike.

64. Admitted.

65. Denied.

66. Admitted.

67. Admitted that Crawford attempted to take Plaintiff into custody; Plaintiff unlawfully resisted. Otherwise denied.

68. Admitted that Koffinas attempted to apprehend Plaintiff, who continued to unlawfully resist deputies.

69. Denied. Plaintiff continued to unlawfully resist deputies.

70. Denied as framed. Admitted that at one point Deputy Dejesus was directed to replace a gas pump as gasoline was present.

71. It is admitted that Koffinas deployed the taser once. Otherwise denied.

72. Admitted that Plaintiff continued to unlawfully resist deputies. Otherwise denied.

73. Admitted that Plaintiff continued to unlawfully resist deputies. Otherwise denied.

74. Denied.

75. Admitted that at one point Deputy Dejesus was directed to replace a gas pump as gasoline was present.

76. Admitted.

77. Denied as phrased as phrased as the statement incorrectly assumes an opportunity to intervene.

78. It is admitted that Koffinas placed his taser on the ground.

79. Admitted that Plaintiff continued to unlawfully resist deputies. Otherwise denied.

80. Admitted that Plaintiff continued to unlawfully resist deputies. Otherwise denied.

81. Admitted that Plaintiff continued to unlawfully resist deputies. Otherwise denied.

82. Admitted that Plaintiff continued to unlawfully resist deputies. Otherwise denied.

83. Denied.

84. Admitted.

85. Admitted that Plaintiff continued to unlawfully resist deputies. Otherwise denied.

86. Admitted Craford made the statement.

87. Denied.

88. Denied as phrased as the statement incorrectly assumes an opportunity to intervene.

89. Admitted that Plaintiff continued to unlawfully resist deputies. Otherwise denied.

90. It is admitted that this was the conclusion of the Sheriff's Office investigation into the matter, but has since been called into question by others and so cannot be admitted or denied.

91. Admitted that the fire caused burns to Plaintiff and deputies, to varying degrees.

92. Admitted that the fire caused burns to Plaintiff and deputies, to varying degrees.

93. Admitted that the fire was immediately extinguished by Deputy Maclean; otherwise denied.

94. Denied.

95. Denied.

96. Without knowledge and, therefore, denied.

97. It is admitted that Plaintiff was placed in handcuffs; otherwise denied.

98. It is admitted that Plaintiff was placed in handcuffs; otherwise denied.

99. Admitted that no firearm was found.

100. Admitted.

101. It is admitted that this was the conclusion of the Sheriff's Office investigation into the matter, but has since been called into question by others and so cannot be admitted or denied.

102. Admitted Plaintiff suffered injuries; otherwise denied.

103. Without knowledge and, therefore, denied.

104. Without knowledge and, therefore, denied.

105. Without knowledge and, therefore, denied.

106. Without knowledge and, therefore, denied.

107. Without knowledge and, therefore, denied.

108. Admitted he was charged, tried, and acquitted.

109. Denied.

110.   Denied.  The mischaracterization of Plaintiff's unlawful conduct and the deputies' response thereto is also denied.

111.   Denied as incomplete and misleading.

112.   Denied.

113 (a-d).   Denied that any of these incidents included excessive force or that, singularly or together, they represent an official policy or custom of use of excessive force causing the incident sued upon.

114.   Admitted.

115.   Denied.

116.   Denied as framed; there was no "widespread practice of using excessive force."

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    The assumptions on which the allegation is made, i.e. that excessive force was used or that the Sheriff's Office engaged in excessive responses to "minor crimes," are denied.  Denied that Plaintiff's crimes were "minor."

**INJURIES AND DAMAGES**

132.    It is generally admitted that Plaintiff was injured during the incident but the allegations in paragraph 132 are too vague to specifically be admitted or denied.

133.    Denied.

134.    Denied.

135.    Denied.

### COUNT I—42 U.S.C. § 1983—Fourth Amendment
*Defendant Crawford*

This Claim and the allegations contained in Paragraphs 136 through 141 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

### COUNT II—State Law Assault and Battery
*Defendant Crawford*

This Claim and the allegations contained in Paragraphs 142 through 148 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

## COUNT III—State Law Intentional Infliction of Emotional Distress
*Defendant Crawford*

This Claim and the allegations contained in Paragraphs 149 through 154 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

## COUNT IV—42 U.S.C. § 1983—Fourth Amendment
*Defendant Koffinas*

This Claim and the allegations contained in Paragraphs 155 through 161 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

## COUNT V—42 U.S.C. § 1983—Fourth Amendment
*Defendant DeJesus*

This Claim and the allegations contained in Paragraphs 162 through 168 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

## COUNT VI—42 U.S.C. § 1983—Fourth Amendment
*Defendant Dominguez*

This Claim and the allegations contained in Paragraphs 169 through 175 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

11

## COUNT VII—42 U.S.C. § 1983—Fourth Amendment
*Defendant Maclean*

This Claim and the allegations contained in Paragraphs 176 through 182 are not directed to this Defendant. To the extent a response is required, each allegation is denied.

## COUNT VIII—42 U.S.C. § 1983
*Defendant Lopez (in his individual capacity)*

183. Defendant Lopez restates his responses to paragraphs 1 through 122 above.

184. It is admitted that the Sheriff oversees the agency, denied that he "supervises" every action of every deputy at all times.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

## COUNT IX—Negligence
*Defendant Lopez*

Pursuant to the Court's Order (Doc. 75), to the extent there was any claim in this count against the Sheriff (current or former) in his official capacity as Sheriff, that claim has been dismissed.  As to claims against Lopez in his individual capacity:

191. Defendant Lopez restates his responses to paragraphs 1 through 122 above.

192. It is admitted that the Sheriff oversees the agency, denied that he "supervised" every action of every deputy at all times.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

## COUNT X—42 U.S.C. § 1983
*Osceola County and Sheriff Lopez (in his official capacity)*

198. Defendant Sheriff Blackmon restates his responses to paragraphs 1 through 122 above.

199. Denied.

200. Denied.  It is also specifically denied that the Sheriff is the final policymaker for the County.

201.  Denied.  It is also specifically denied that the Sheriff is the final policymaker for the County.

202. Denied.

203. Denied.

204. Denied.

## COUNT XI—State law—Respondeat Superior
*Osceola County*

This Count is dismissed (Doc. 75) and so no response is necessary.

## COUNT XII—Indemnification
*Osceola County*

This Claim and the allegations contained in Paragraphs 213 through 216 are not directed to this Defendant. To the extent a response is required, each allegation is denied. The Plaintiff does not have standing to bring this claim as any claim or cause of action for indemnity belongs to the defendants in the case, not the Plaintiff.

## PRAYERS FOR RELIEF

Lopez and Sheriff Blackmon deny the remaining allegations and inferences of culpability within Paragraphs 217 through 229 stemming from the law enforcement encounter with Plaintiff occurring February 27, 2022.

## General Denial

Any allegation of the Complaint not expressly admitted herein is denied. Defendants deny all claims for liability and damages.

14

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As to any §1983 claims against Lopez in his individual capacity, Lopez at all times acted in his discretionary authority as a government official or law enforcement officer and did not violate clearly established law such that he is entitled to qualified immunity from liability and from suit.

### Second Affirmative Defense

As to any state law claims against Lopez in his individual capacity, Lopez at all times acted in the course and scope of his appointment as Sheriff of Osceola County and did not act in bad faith, with malice, or with wanton and willful disregard of human rights, safety, or property, such that he is immune from liability and from suit pursuant to §768.28(9)(a), Fla. Stat..

### Third Affirmative Defense

With regard to any remaining state law claim against the (current or former) Sheriff in his official capacity, Plaintiff has not alleged compliance with the notice of claim provisions of §768.28(6), Fla. Stat., barring all remaining state law claims.

### Fourth Affirmative Defense

As to any state law claims, Sheriff Blackmon, in his official capacity as Sheriff, is entitled to the privileges and immunities provided for in Ch. 768.28 Fla. Stat., including, but not limited to, limitations and capitations on the type or amount of damages, verdicts, judgments, or collection of judgments, provided for in §768.28(5), Fla. Stat.

15

## Fifth Affirmative Defense

Sheriff Blackmon, in his official capacity, may not be held liable under principles of sovereign immunity and separation of powers for acts or omissions founded on discretionary or executive policy-making level decisions of the Sheriff (current or former), and said immunity has not been waived by Ch. 768.28, Fla. Stat.

## Sixth Affirmative Defense

To the extent that the Sheriff may be liable for the actions of his deputies, the deputies had the right to self-defense of themselves or others based upon Plaintiff's threatened use of unlawful force under §§776.012 or 776.032, Fla. Stat.  Any force used by any deputy was justified under §776.05, Fla. Stat.

## Seventh Affirmative Defense

Plaintiff was himself negligent or at fault and his negligence or fault should be considered by the jury and apportioned on any verdict form or judgment at trial of this matter.

## Eighth Affirmative Defense

Defendants are all entitled to a set-off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses, or negotiated agreements to pay medical bills or other expenses in the future pursuant to the law of collateral source setoff and *Goble v. Frohman*, 901 So.2d 830 (Fla 2005). Alternatively, Plaintiff is not entitled to claim bills, costs, or expenses incurred, but waived or not actually incurred by Plaintiff.

## Ninth Affirmative Defense

To the extent that any state law claim of liability against the Sheriff is premised on lack of probable cause to arrest Plaintiff, and to the extent that probable cause is an affirmative defense, probable cause existed to arrest Plaintiff on charges of violating various statutes, including but not limited to § 316.2085(2), Fla. Stat., § 316.1926, Fla. Stat., § 318.14(13)(c), Fla. Stat., § 316.1935(1), Fla. Stat. [Fleeing and Eluding], and § 316.192, Fla. Stat. [Reckless Driving].

## Tenth Affirmative Defense

Pursuant to §768.28(9)(a), Fla. Stat., to the extent Plaintiff seeks to hold the Sheriff vicariously liable for the acts of the deputy defendants, the Sheriff may not be held liable for any such act taken outside the course and scope of a deputy's employment as a sheriff's deputy, or for any act taken in bad faith, with malice, or with wanton and willful disregard of human rights, safety, or property.

## Eleventh Affirmative Defense

Plaintiff has failed to mitigate his damages. Plaintiff may not recover for losses he reasonably could have avoided with the exercise of ordinary and reasonable care.

## Twelfth Affirmative Defense

Defendants are entitled to a set-off for any collateral source benefits paid to plaintiff, including, but not limited to, unemployment compensation, disability insurance payments, or other benefits paid by or on behalf of an employer.

17

### Thirteenth Affirmative Defense

To the extent it is an affirmative defense, Count XII for indemnification fails to state a claim on which relief can be granted.  In Florida, a party seeking indemnification under common law must be wholly without fault.  Plaintiff Barreto-Baerga was himself negligent or at fault and therefore cannot assert a right to indemnity, either directly or indirectly on behalf of other defendants.

### Fourteenth Affirmative Defense

To the extent it is an affirmative defense, Count XII for indemnification fails to state a claim on which relief can be granted.  In Florida, there is no right for a plaintiff to sue a third party and to demand indemnification by that third party for the benefit of a defendant.  A claim for indemnification, if any, belongs to the defendant, not to the plaintiff.

### **DEMAND FOR JURY TRIAL**

Defendants hereby demand trial by a jury for all issues and questions so triable.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th day of April, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will also serve notice via electronic mail to the following:  Antonio Romanucci, Esquire (*aromanucci@rblaw.net*), Bhavani Raveendran, Esquire (*b.raveendran@rblaw.net*), Stephen Weil, Esquire (*sweil@rblaw.net*), Romanucci & Blandin, LLC, 321 North Clark Street, Suite 900, Chicago, Illinois 60654; and Albert Jason Yonfa, Jr., Esquire (*ayonfa@pendaslaw.com*), Pendas Law Firm, 625 E. Colonial Drive, Orlando, Florida 32803, Bruce R. Bogan Esquire (*bbogan@hilyardlawfirm.com*), Hilyard, Bogan & Palmer, P.A., P.O. Box 4973, Orlando, Florida, 32802, Summer M. Barranco, Esquire (*summer@purdylaw.com),* Purdy Jolly Giuffreda Barranco & Jisa, P.A., 2455 E. Sunrise Boulevard, Suite 1216,Fort Lauderdale, Florida 33304.

/s/  *Thomas W. Poulton*
BRIAN F. MOES, ESQ.
Florida Bar No.:  39403
*moes@debevoisepoulton.com*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  83798
*poulton@debevoisepoulton.com*
G. RYAN DIETRICH, ESQ.
Florida Bar No.: 1007940
*dietrich@debevoisepoulton.com*
ANA CRISTINA CUELLO, ESQ.
Florida Bar No.:  1010406
*cuello@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone:  407-673-5000
*Attorneys for Defendants Osceola County,*
*Lopez, Blackmon, DeJesus, and Maclean*