Directing UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN LOUIS BARRETO-BAERGA,

      Plaintiff,

v.                              CASE NO.:  6:25-cv-00098-PGB-LHP

OSCEOLA COUNTY, FLORIDA,
MARCOS LOPEZ,
SHERIFF CHRISTOPHER A. BLACKMON,
DAVID CRAWFORD,
CHRISTOPHER KOFFINAS,
JOSEPH DEJESUS,
ARTURO DOMINGUEZ,
and BENJAMIN MACLEAN,

      Defendants.

_____/

**UNOPPOSED MOTION FOR ORDER DIRECTING SOCIAL SECURITY
ADMINISTRATION TO PROVIDE RECORDS**

Defendant CHRIS A. BLACKMON, in his official capacity as Sheriff of Osceola County, Florida,[1] by and through undersigned counsel and pursuant to 20 CFR § 401.180, hereby moves for an order directing the Social Security Administration (SSA) to produce certain records related to Plaintiff's Social Security Disability Insurance claims.

---

[1] Suit was originally filed against Defendant Lopez in both his individual capacity and in his official capacity as Sheriff. Sheriff Blackmon has since been substituted on the official capacity claims, e.g. Count X. (Doc. 73).  Thus, this answer is submitted on behalf of Lopez in his individual capacity, and on behalf of Sheriff Blackmon in his official capacity.

1.    This is a civil rights action stemming from Plaintiff's arrest on February 27, 2022. Plaintiff claims the arresting deputies used excessive force during the arrest resulting in damages including:

- Severe permanent physical injury resulting in pain and suffering and requiring extensive medical treatment and attendant expenses, from February 27, 2022 and for the rest of his life;

- Prevention of the ability to work in numerous fields and loss of earnings;

- Monetary losses;

- Physical inconvenience and discomfort, loss of time, emotional trauma, anxiety and distress, disfigurement, humiliation, embarrassment, social isolation, impairment to reputation, and shortened life span.

(Doc. 1 ¶ 132).

2.    Plaintiff further claims that after the incident, "[h]e can no longer work or otherwise financially support himself, and is relying on social security benefits." (Ex. 1, Answers to Interrogatories at 6).

3.    Defendants seek release of the following records related to Plaintiff's Social Security Disability Insurance (SSDI) benefit:

- SSDI Applications including diagnostic imaging scans and reports (i.e., X-rays, MRIs, and CT scans), physical examination notes, progress notes, laboratory test results, hospitalization records, specialist reports, and mental health records;

- SSDI award notices;

- SSDI denial notices;

- SSDI appeals records; and

- SSDI Records of benefits paid.

4.      After the subject use-of-force incident Plaintiff applied for and qualified to receive SSDI benefits.  These records above are relevant to Plaintiff's claimed damages in this case. *See Saunders v. Wal-Mart Stores, Inc.*, 300 Fed.Appx. 697, 698 (11th Cir. 2008) (concluding in discrimination case that plaintiff's SSDI application was relevant to the issue of mitigation of damages and to impeachment); *Ruberti v. Ethicon, Inc.*, 2022 WL 17887527, at * 11 (M.D. Ala. Dec. 22, 2022) (noting that plaintiff's SSDI application could be introduced at trial as an opposing party's statement and may be relevant for impeachment purposes).

5.      Federal district courts have the authority to order the Social Security Administration to produce documents when such production is necessary for the fair resolution of the case. 20 CRF 401.108(a)-(b).

6.      To satisfy the requirements of 20 CFR § 401.180(c) and command the SSA to produce Plaintiff's SSDI records, the order must satisfy all of the following conditions:

(1) It is issued under the authority of a Federal court;

(2) A judge or a magistrate judge of that court signs it;

(3) It commands SSA to disclose information; and

(4) The court is a court of competent jurisdiction.

7.     The records sought from the SSA might contain information or material that is privileged and should be specially protected from disclosure. Accordingly, the parties seek an order commanding the SSA to release records to lead counsel for Plaintiff, who will then have the opportunity to inspect the records for privileged subject matter and specify any matter that is privileged and produce the rest to the defendants within ten days.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court enter an order satisfying the requirements of 20 CFR § 401.180(c) and commanding the Social Security Administration to release to the records identified in this motion to:

Stephen Weil
Romanucci & Blandin, LLC
321 North Clark Street, Suite 900
Chicago, IL 60654

to be prescreened for privileged matter and then produced to defendants within ten day, or some other period deem reasonable by the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will also serve notice via electronic mail to the following:  Antonio Romanucci, Esquire (*aromanucci@rblaw.net*), Bhavani Raveendran, Esquire (*b.raveendran@rblaw.net*), Stephen Weil, Esquire (*sweil@rblaw.net*), Romanucci & Blandin, LLC, 321 North Clark Street, Suite 900, Chicago, Illinois 60654; and Albert Jason Yonfa, Jr., Esquire (*ayonfa@pendaslaw.com*),

Pendas Law Firm, 625 E. Colonial Drive, Orlando, Florida 32803, Bruce R. Bogan Esquire (*bbogan@hilyardlawfirm.com*), Hilyard, Bogan & Palmer, P.A., P.O. Box 4973, Orlando, Florida, 32802, Summer M. Barranco, Esquire (*summer@purdylaw.com)*, Purdy Jolly Giuffreda Barranco & Jisa, P.A., 2455 E. Sunrise Boulevard, Suite 1216,Fort Lauderdale, Florida 33304.

*/s/ Brian F. Moes,*
BRIAN F. MOES, ESQ.
Florida Bar No.:  39403
*moes@debevoisepoulton.com*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  83798
*poulton@debevoisepoulton.com*
G. RYAN DIETRICH, ESQ.
Florida Bar No.: 1007940
*dietrich@debevoisepoulton.com*
ANA CRISTINA CUELLO, ESQ.
Florida Bar No.:  1010406
*cuello@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone:  407-673-5000
*Attorneys for Defendants Osceola County,*
*Lopez, Blackmon, DeJesus, and Maclean*