# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| JEAN BARRETO-BAERGA, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No.: 6:25-CV-98-PGB-LHP |
| v. | ) |
| | ) |
| OSCEOLA COUNTY, et al, | ) |
| | ) |
| *Defendants.* | ) |

## JOINT MOTION TO AMEND CASE MANAGEMENT ORDER

Pursuant to Federal Rule of Civil Procedure 16, the parties respectfully submit this joint motion for extension of the case management schedule in this case, ECF 39.  In support of their motion the parties state as follows:

### BACKGROUND

This action arises from injuries that Plaintiff Jean Barreto suffered during the course of an arrest.  Mr. Barreto suffered severe burns, was hospitalized for approximately a year, and is permanently disfigured.  He alleges that his injuries were caused by one of the arresting deputies who used a Taser, which ignited a gasoline fire that burned Mr. Barreto. How this occurred is disputed.

Mr. Barreto sued several of the officers involved in the arrest under 42 U.S.C. § 1983.  He also sued Marcos Lopez, who at the time was the elected Sheriff of Osceola County, alleging that Mr. Lopez had encouraged the use of excessive force generally, and against dirt-bike riders like Mr. Barreto in particular.  He asserted a

*Monell* claim against Osceola County on the same grounds, charging that its final decisionmaker (Sheriff Lopez) had adopted an official policy of excessive force against dirt-bike riders, and that the OSCO generally had a widespread custom of excessive force.  Defendants dispute these claims.

**DISCUSSION**

*Existing case schedule*.  The Court's existing Case Management Order, ECF 39, sets forth the following schedule:

| Event | Date |
|---|---|
| Disclosure of Expert Reports – Plaintiff | 6/15/26[1] |
| Disclosure of Expert Reports – Defendant | 7/1/26 |
| Discovery Deadline | 8/3/26 |
| Dispositive Motions, Daubert: | 9/1/26 |
| Meeting/ Joint Final Pretrial Statement | 11/30/26 |
| Joint Final Pretrial Statement | 12/14/26 |
| Motions *in limine*, Designations, etc. | 12/21/26 |
| Objections to Counter-Designations | 12/28/26 |
| Mediation Deadline | 8/14/26 |

Discovery in the case has proceeded under the existing case schedule, including depositions of all participants in the events at the gas station, the gathering of evidence relating to Mr. Barreto's medical bills, the gathering of evidence relating

---

[1]  As adjusted by the Court's order holding deadline in abeyance, *see* ECF 80.

to Mr. Barreto's medical treatment generally, and the gathering excessive force *Monell* evidence. Several items of discovery remain, however.

*Taser testing.* Mr. Barreto claims use of a Taser ignited the gasoline fire. Testing of that Taser is relevant to a central dispute in the case. Mr. Barreto alleges that Defendant David Crawford, an OSCO deputy, ignited the gasoline fire by using a Taser while arresting Mr. Barreto. Mr. Crawford disputes these allegations. The parties can obtain information germane to this dispute—among other things, electronic data stored on the weapon itself—by testing the Taser in question, and the parties have retained experts to conduct the testing.

In making these preparations, however, the parties have encountered a problem: to test-fire the Taser, the weapon must be re-charged, and to re-charge the weapon, it must be plugged into a proprietary Taser docking station. New, updated software will automatically be downloaded into the weapon, altering the ESI that was contained within the Taser at the time it was fired.

The parties have conducted an extensive search of means to avoid this outcome, particularly searching for alternate means of charging the Taser weapon without also causing the software download. The parties are now prepared to move forward with testing, but the search for a workaround has taken considerable time. The parties seek an extension in part for this reason, to provide for time to test the Taser.

*Deposition of Mr. Lopez.* After Mr. Barreto brought this action, Mr. Lopez was charged with committing crimes unrelated to the events in this case. Those charges

are pending, and Mr. Lopez is represented by criminal counsel who are separate from the counsel representing Mr. Lopez in this case.  Plaintiff has informed Mr. Lopez's *civil* counsel, in this case, that he seeks to depose Mr. Lopez, and civil counsel worked as an intermediary to coordinate with Mr. Lopez's criminal counsel, who may have a role in any deposition.  This has resulted in delay in setting a deposition for Mr. Lopez.  The parties have agreed to proceed with the deposition on July 20.  Immediately after that deposition occurs, Plaintiff intends to notice and take a Rule 30(b)(6) deposition of the Sheriff's Office—after which Plaintiff will be prepared to submit expert reports.  The proposed schedule is designed in part to permit the taking of the deposition and its use by experts.

*Medical billing records* Plaintiff's medical bills are lengthy and complex.  The parties have exchanged significant records but are still working to obtain all records.  It is possible that the parties will be able to stipulate to an agreed recoverable medical expense; failing that the parties will have to conduct additional discovery of medical providers and retain and disclose experts to understand and explain the plaintiff's medical bills to a jury.

**PROPOSED SCHEDULE**

In light of the foregoing, the parties respectfully request an extension to the discovery schedule set forth below.  The schedule is designed to permit the taking of the discovery outlined in this motion and then proceed promptly to expert discovery, dispositive motions, and trial.

4

The proposed schedule also accommodates an anticipated trial by counsel for Osceola County and Mr. Lopez, which is set to commence in the November, 2026, trial docket before the Honorable Roy Dalton, Case No. 6:20-cv-00025-RBD. Various motions are pending and so the trial period is a bit uncertain, but could take several weeks.  The proposed schedule accommodates this trial by adjusting deadlines for expert discovery and dispositive motions, moving them so that they do not overlap with counsel's trial obligations.

**WHEREFORE**, in light of the foregoing, the parties jointly and respectfully request that the Court enter the following proposed schedule:

| Event | Date |
|---|---|
| Disclosure of Expert Reports – Plaintiff | 9/30/26 |
| Disclosure of Expert Reports – Defendant | 11/2/26 |
| Discovery Deadline | 12/18/26 |
| Dispositive Motions, Daubert: | 1/22/27 |
| Meeting/ Joint Final Pretrial Statement | 4/16/27 |
| Joint Final Pretrial Statement | 4/30/27 |
| Motions *in limine*, Designations, etc. | 5/7/27 |
| Objections to Counter-Designations | 5/14/27 |
| Mediation Deadline | 1/08/27 |
| Trial Docket | June 2027 |

Date: June 16, 2026                      Respectfully submitted,


/s/ *Thomas W. Poulton* [with consent]       /s/ Stephen H. Weil

Thomas W. Poulton                        ROMANUCCI & BLANDIN, LLC
Brian Moes                               Antonio Romanucci
DeBevoise & Poulton, P.A.                (Ill. Bar No. 6190290)*
Suite 1010                               Stephen H. Weil
1035 South Semoran Boulevard             (Ill. Bar No. 6291026)*
Winter Park, Florida 32792               321 North Clark St., Suite 900
(407)673-5000                            Chicago, Illinois 60654
                                         Tel: (312) 458-1000
                                         Fax: (312) 458-1004
                                         Email: aromanucci@rblaw.net
/s/ *Summer Barranco* [with consent]         Email: sweil@rblaw.net

Summer Barranco                          Albert Jason Yonfa, Jr.
Purdy, Jolly, Giufreda, Barranco, & Jisa,   Pendas Law Firm
P.A.                                     625 E. Colonial Dr.
2455 East Sunrise Blvd.                  Orlando Fl 32803
Suite 1216                               407-352-3535
Ft. Lauderdale, FL 33304                 ayonfa@pendaslaw.com


/s/ *Bruce R. Bogan* [with consent]          * admitted *pro hac vice*

Bruce R. Bogan
Hilyard, Bogan & Palmer P.A.             *Counsel for Plaintiff*
105 E. Robinson Street, suite 201
Orlando, Fl. 32801
407-425-4251 ex.213
Fax 407-841-8431



*Counsel for Defendants*

6