# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEAN LOUIS BARRETO-BAERGA,

     Plaintiff,

     v.                        Case No.:  6:25-cv-00098-PGB-LHP

OSCEOLA COUNTY, MARCOS
LOPEZ; DAVID CRAWFORD,
CHRISTOPHER KOFFINAS,
JOSEPH DE JESUS, ARTURO
DOMINGUEZ, BENJAMIN
MACLEAN, SHERIFF
CHRISTOPHER A. BLACKMON,

     Defendants.

## ORDER

In this civil rights action, Plaintiff brings various claims for damages related to alleged excessive and unnecessary force deployed during Plaintiff's arrest and injuries Plaintiff suffered therefrom. *See* Doc. No. 1, at 16-28. Discovery in this action does not close until February 1, 2027. Doc. No. 86.

Now before the Court is Defendant Chris Blackmon's Renewed Unopposed Motion for Order Directing Social Security Administration ("SSA") to Provide Records, which seeks an order directing the SSA to produce records related to Plaintiff's Social Security Disability Insurance claims. Doc. No. 83. Defendant contends these records are relevant to Plaintiff's claimed damages. *Id.* at 1, 2-3. Defendant specifically requests that these records be released to lead counsel for

Plaintiff, who will inspect the records for privileged subject matter, identify any matter that is privileged, and thereafter produce to Defendant. *Id.* at 4. Plaintiff does not oppose. *Id.* Nor has Plaintiff filed a response to the motion. *See* Doc. No. 82. The motion is therefore ripe for review.

There are two ways in which a party can obtain records from the SSA: (1) by written consent of the individual whose records are being sought; or (2) by Court order under certain enumerated circumstances. 20 C.F.R. §§ 401.100; 401.180(e). Although Defendant explains the relevancy of the requested records, and cites to these regulations, Defendant provides no explanation as to why he is seeking an order from this Court versus simply asking Plaintiff to provide written consent for the records and having the Plaintiff obtain them himself. The absence of such an explanation is even more perplexing given that the parties conferred on this issue, and Plaintiff agrees to review the records upon their disclosure. In other words, it is entirely unclear why the present motion is even necessary.

Accordingly, Defendants' Renewed Unopposed Motion for Order Directing Social Security Administration to Provide Records (Doc. No. 83) is **DENIED without prejudice**. If Defendant wishes to file a renewed motion, he must provide a detailed explanation – and legal authority in support beyond a simple citation to the regulations – as to why a Court order is required. And prior to the filing of any renewed motion, the parties must confer in good faith, with such conferral

specifically addressing whether Plaintiff will provide written consent to disclosure of his SSA records.

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record